The STATE of Ohio, Appellee,

v.

SCHEER, Appellant.

[Cite as *State v. Scheer*, 158 Ohio App.3d 432, 2004-Ohio-4792.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 03CA21.

Decided Sept. 1, 2004.

Carol A. Davis, for appellant.

James B. Grandey, Highland County Prosecuting Attorney, and Shari L. Harrell, Assistant Prosecuting Attorney, for appellee.

HARSHA, Judge.

{¶ 1} Joshua A. Scheer appeals his sentence to the maximum, consecutive term of 12 months' imprisonment for each of two counts of passing bad checks. First, Scheer argues that the trial court erred in finding that he is not amenable to community-control sanctions and that a prison term is appropriate. We conclude that the court's finding is supported by the record because the court was free to reject Scheer's claim of remorse, to consider the terms of imprisonment Scheer faced if convicted on the charges dismissed under the plea agreement, and to rely on Scheer's criminal history in determining that a prison term was warranted. Scheer also argues that the court erred in imposing maximum and consecutive sentences. We find that the court made the requisite statutory findings before imposing the maximum and consecutive sentences; however, because the court failed to state the reasons that support those findings, we must sustain Scheer's assignment of error. We reverse and remand this matter to the trial court.

{¶ 2} The Highland County Grand Jury indicted Scheer on one count of theft by deception (a third-degree felony), two counts of passing bad checks (fifth-degree felonies), and one count of passing bad checks (a third-degree felony). The charges arose from Scheer's purchase of real property from Lowell Chambers of Chambers Realty with three checks written on a nonexistent bank account.

{¶ 3} Scheer pled guilty to two counts of passing bad checks (fifth-degree felonies). In exchange, the state dismissed the remaining two counts of the indictment and agreed to recommend a sentence of community-control sanctions if Scheer made full restitution to the victim in the amount of $89,698.81 prior to the sentencing hearing. If Scheer did not make restitution prior to sentencing, the state agreed to recommend a six-month term of incarceration on each count and to ask the court to order full restitution.

{¶ 4} Scheer failed to appear at the original sentencing hearing and was subsequently arrested on a warrant issued by the court. At the time of the sentencing hearing, Scheer had not made restitution. The court sentenced Scheer to 12 months' incarceration on each count, the maximum sentence for a fifth-degree felony, and ordered that the sentences run consecutively. The court also ordered Scheer to make full restitution to the victim.

{¶ 5} Scheer filed a timely appeal, assigning the following error: "Appellant/Defendant has been deprived of his liberty without due process of law by the maximum sentence and the consecutive sentences in the case at bar, because it did not comport with Ohio's sentencing scheme."

{¶ 6} A defendant who pleads guilty to two or more offenses arising out of a single incident may appeal the imposition of the maximum sentence as a matter of right if the court imposed the maximum sentence for the offense of the highest degree. R.C. 2953.08(A)(1)(b). Additionally, if the court imposes a prison term for a fourth- or fifth-degree felony without specifying at sentencing that it found one or more of the factors delineated in R.C. 2929.13(B)(1)(a) to (i) to apply, a defendant may appeal his sentence as a matter of right. R.C. 2953.08(A)(2). Finally, a defendant may appeal as a matter of right when his sentence is contrary to law. R.C. 2953.08(A)(4).

{¶ 7} We may not reverse a sentence unless we find, by clear and convincing evidence, that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2). See, also, *State v. Holsinger* (Nov. 20, 1998), Pike App. No. 97CA605, 1998 WL 820035. In this context, we do not substitute our judgment for that of the trial court, nor do we defer to its discretion. *State v. Keerps*, Washington App. No. 02CA2, 2002-Ohio-4806, 2002 WL 31040679. Rather, we look to the record to determine whether the sentencing court (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record to support those findings, and (4) properly applied the statutory guidelines. See *State v. Dunwoody* (Aug. 5, 1998), Meigs App. No. 97CA11, 1998 WL 513606, citing Griffin & Katz, Ohio Felony Sentencing Law (1998), Section 9.16.

■ {¶ 8} First, Scheer contends that the court erred in concluding that he was not amenable to community-control sanctions and imposing a prison sentence. Although there is no statutory presumption that a defendant convicted of a fifth-degree felony be sentenced to community control rather than prison, R.C. 2929.13(B) gives the courts general guidance and a "disposition against imprisonment" for fourth- and fifth-degree felonies. *State v. Caldwell*, Lake App. No. 2002–L–142, 2003-Ohio-6964, 2003 WL 22994556, citing Griffin & Katz, Ohio Felony Sentencing Law (1996) 61–63, 67.

■ {¶ 9} Under R.C. 2929.13(B)(1), the court must determine whether any of the nine enumerated factors apply.[1] If any of those factors are present, the trial court must impose a prison term if the court also finds that a prison term is consistent with the principles and purposes of sentencing. R.C. 2929.13(B)(2)(a). However, if none of the factors are present and community control is consistent with the principles and purposes of sentencing, the court must impose a community-control sanction. R.C. 2929.13(B)(2)(b). When neither prison nor community control is specifically mandated, the trial court should exercise sentencing discretion in determining whether a prison sentence or community-control sanctions are appropriate. *State v. Baird*, Hocking App. No. 02CA24, 2003-Ohio-1055, 2003 WL 853734, at ¶ 12; *Caldwell*, 2003-Ohio-6964, at ¶ 13. In making this determination, the trial court should comply with the purposes and principles of sentencing under R.C. 2929.11 and consider the seriousness and recidivism factors set forth in R.C. 2929.12. Id.

{¶ 10} At the sentencing hearing, the trial court stated: "The Court has considered the statements, also the pre-sentence investigation and I have been provided the victim impact statements as well as all other factors required under Section 2929.12 of the Revised Code. The Court notes further that the Defendant

---

1. R.C. 2929.13(B)(1) states: "Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply: (a) In committing the offense, the offender caused physical harm to a person. (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon. (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person. (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others. (e) The offender committed the offense for hire or as part of an organized criminal activity. (f) The offense is a sex offense that is a fourth or fifth degree felony violation of * * *. (g) The offender at the time of the offense was serving, or the offender previously had served, a prison term. (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. (i) The offender committed the offense while in possession of a firearm."

has been convicted of two counts in the indictment, specifically counts two and three, both involving passing bad checks, both involving a felony of the fifth degree. Count one was nolled and dismissed by way of plea bargain as well as count four, and collectively those two counts, had the Defendant been tried and convicted of those, a total of up to six years could have been ordered for incarceration on the counts one and four, one of those being a felony three and the other a felony five. * * * The Court finds at this time pursuant to Section 2929.13(B)(1)(b), (c), (d) and (e) that the victim in this case has suffered substantial economic harm as a result of the actions of the defendant. The Defendant has a lengthy and extensive criminal history as outlined in the presentence investigation and that the Defendant has clearly minimized his role in these offenses and shows no genuine remorse concerning his actions herein. And the Court agrees with the victim one hundred percent that this was calculated according to the evidence that I have had a chance to review before the Court, a calculated act by the Defendant to defraud the victim in this case. After weighing all the seriousness and recidivism factors the Court does find that prison is consistent with the purposes and principles under 2929.11 of the Ohio Revised Code and the Court further finds that the Defendant is not amenable to available community control sanction."

{¶ 11} It appears that the court misspoke when it stated that subsection 2929.13(B),(C),(D), and (E) applied in this case, as subsections (C),(D), and (E) apply only to more serious felony charges. Although R.C. 2929.13(B)(1) applies to fifth-degree felonies, economic harm—which the court found applicable—is not one of the enumerated factors the court must consider when determining whether a prison sentence is appropriate for a fifth-degree felony conviction. Moreover, it appears that none of the R.C. 2929.13(B)(1) factors actually apply in this case.

{¶ 12} However, even though none of the R.C. 2929.13(B)(1) factors applied, the court was free to impose a prison term if it concluded that the imposition of community-control sanctions would not be consistent with the general purposes and principles of felony sentencing found in R.C. 2929.11 and that prison was consistent with those principles. The court made this finding and stated its reasons for imposing a prison term—Scheer caused substantial economic harm to the victim, he committed other crimes that would have led to a longer prison sentence had he been convicted, he had an extensive criminal history, he minimized his role in the offenses, and he showed no genuine remorse.

{¶ 13} Scheer contends that the court erred in considering the length of the possible prison sentences for the dismissed charges when imposing sentence. We have previously held that a court may consider a defendant's uncharged yet undisputed conduct when determining an appropriate sentence. *State v. Steward*, Washington App. No. 02CA43, 2003-Ohio-4082, 2003 WL 21767088. See,

also, *State v. Shahan*, Washington App. No. 02CA63, 2003-Ohio-6945, 2003 WL 22977321 (as in sentencing hearings, the Rules of Evidence do not apply to sexual-predator-determination hearings, so the trial court may consider reliable hearsay contained in a presentence investigation report). Although there has been much speculation in the legal community about the effect the United States Supreme Court's recent holding in *Blakely v. Washington* (2004), 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403, will have on a trial court's authority to rely on unproven facts when sentencing a defendant, we conclude that it does not alter our holding in *Steward*.

{¶ 14} In *Blakely*, the defendant pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the defendant was subject to a maximum sentence of 53 months' imprisonment. However, under the state of Washington's sentencing scheme, the trial court could upwardly depart from the standard sentencing range if it found that the defendant had acted with deliberate cruelty. The trial court made this finding based on the victim-impact statement and imposed a 90–month sentence of imprisonment on the defendant. The United States Supreme Court reversed and remanded the case, holding that because the facts supporting the defendant's exceptional sentence were neither admitted by him nor found by a jury, the sentence violated the defendant's Sixth Amendment right to a jury trial.

{¶ 15} *Blakely* holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted by the defendant. Here, Scheer was sentenced to 12 months' imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, *Blakely* is inapplicable. Moreover, in reaching its decision in *Blakely*, the Supreme Court specifically distinguished its holding from that of *Williams v. New York* (1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.

{¶ 16} In *Williams*, the defendant objected to the trial court's reliance on his involvement in several uncharged burglaries when imposing a death sentence rather than the jury's recommended sentence of life imprisonment. Williams argued that the court's reliance on this information violated his due process rights because it allowed the court to consider information from witnesses he had not had an opportunity to cross-examine. 337 U.S. at 243, 69 S.Ct. 1079, 93 L.Ed. 1337. The court rejected Williams's argument, noting that disallowing such information would render much of the information judges consider during sentencing unavailable and would be impractical to implement. Id. at 249, 69 S.Ct. 1079, 93 L.Ed. 1337. Based upon the importance of determining an appropriate sentence *after* a factual determination of guilt, the court concluded that this type of information was essential to the process. Id.

{¶ 17} Although the trial court stated that it was considering the length of the sentences Scheer originally faced, not the underlying facts of the dismissed charges, the difference between the two considerations is minimal. Since Scheer did not dispute that he wrote three checks to the victim on a nonexistent bank account and the presentence investigation report contained reliable information concerning these charges, the court was free to consider the dismissed charges when determining an appropriate sentence for Scheer.

{¶ 18} Scheer also argues that the court erred in concluding that he did not demonstrate genuine remorse for his crimes. Although the transcript reveals that Scheer apologized for his crimes, he also stated that "this whole house purchase started out with the best of intentions, it wasn't any type of scam or fraud, it snowballed into why we're here today." The court was free to reject Scheer's demonstration of remorse and conclude that Scheer was minimizing his actions and had intended to perpetrate a scam or a fraud. The fact that Scheer wrote three checks, which totaled $298,000, on a nonexistent account belies his claim that he did not intend to perpetrate a fraud. Therefore, the court's finding that Scheer lacked genuine remorse is supported by the record.

{¶ 19} Finally, Scheer contends that the court placed undue reliance on his past criminal history in deciding to sentence him to a prison term. Although Scheer contends that the presentence investigation revealed only three misdemeanor juvenile convictions, this contention is inaccurate. In fact, the presentence investigation report states that Scheer has no juvenile record but four arrests in New York with unknown dispositions, several pending charges of passing bad checks, and a conviction for check fraud in Washington Courthouse. The court's finding that Scheer is not amenable to community-control sanctions because of his criminal history is supported by the record.

{¶ 20} Although the court erred in concluding that any R.C. 2929.13(B)(1) factors applied in this case, it is clear that the court carefully weighed whether Scheer was amenable to community-control sanctions before deciding that a prison sentence was necessary. The court did not err in sentencing Scheer to a term of imprisonment. See *State v. Coleman* (Mar. 27, 2001), Meigs App. No. 00CA010, 2001 WL 315046 (although the trial court erred in concluding that R.C. 2929.13(B)(1)(d) applied, prison sentence upheld where court found that the defendant was not amenable to community-control sanctions).

{¶ 21} Next, Scheer challenges the trial court's imposition of the maximum and consecutive sentences for his convictions. R.C. 2929.14(C) limits a trial court's authority to impose the maximum term of imprisonment. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who (1) committed the worst forms of the offense, (2) pose the greatest likelihood of committing future crimes, (3) committed certain major drug offenses, and (4) who are repeat violent

offenders. If the trial court imposes the maximum sentence, it must not only make one of the required findings but also give its reasons for doing so orally on the record at the sentencing hearing. R.C. 2929.19(B)(2)(d); *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraphs one and two of the syllabus.

{¶ 22} Generally, trial courts in Ohio must impose concurrent prison sentences. R.C. 2929.41(A). However, a trial court may impose consecutive prison sentences under R.C. 2929.14(E)(4), which sets forth a tripartite procedure that the court must follow. First, a trial court must find that consecutive sentences are necessary to protect the public or to punish the offender. Second, a court must find that the proposed consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that the offender poses. Third, a court must find the existence of one of the three enumerated circumstances in subparts (a) through (c): "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." The court must make its three statutorily enumerated findings, and state the reasons supporting those findings, at the sentencing hearing. *Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 at paragraph one of the syllabus (R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) interpreted).

{¶ 23} The trial court stated the following at the sentencing hearing pertaining to its imposition of maximum and consecutive sentences: "[T]he Court does find, and is ordering that you be sentenced, the Defendant be sentenced to a definite determinate term for a maximum sentence that I am allowed to give you of twelve months on each count to run consecutively to each other, for a total of 24 months to be served at the prison system of Ohio Correction Receptions Center at Orient. The Court finds the shortest prison term would demean the seriousness of the offense and not adequately protect the public. The Court finds further consecutive sentencing [sic] are necessary to protect the public and punish the offender in this case and that consecutive sentences are not disproportionate to the conduct and to the danger the Defendant poses and finds that the Defendant does pose the greatest likelihood of committing future crimes. That the economic harm suffered by the victim here was so great and so unusual that a single term or concurrent sentencing would not adequately reflect the seriousness

of the Defendant's conduct. As I stated earlier, sir, you're very lucky, young man, at this point that the other two charges were dismissed by way of plea bargain, then we would be talking about another six years on top of what you already got, and I cannot give you any more than two years, but that is what you're getting. Also, the Defendant's criminal history shows consecutive terms are needed to protect the public from future crimes that would be committed by the Defendant."

{¶ 24} The trial court made the requisite findings for imposing both maximum and consecutive sentences. As required by R.C. 2929.14(C) when imposing a maximum sentence, the court found that Scheer posed the greatest likelihood of committing future crimes. Under R.C. 2929.14(E)(4), the court found that consecutive sentences were necessary to protect the public and punish the offender, that consecutive sentences were not disproportionate to Scheer's conduct and to the danger Scheer posed, that the economic harm Scheer caused the victim was so great and unusual that a single prison term would not adequately reflect the seriousness of Scheer's conduct, and that Scheer's criminal history shows that consecutive sentences were necessary to protect the public from future crimes by Scheer.

■■ {¶ 25} Although the court made the requisite findings, it did not state the rationale or reasons that support those findings for either the maximum or consecutive sentences. The court made certain factual findings when it determined that community-control sanctions were inappropriate and imposed a prison sentence; however, the court never indicated that it was relying on some or all of these findings in imposing maximum or consecutive sentences. See *Comer*, supra, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 21 ("While consecutive sentences are permissible under law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences"). Cf. *State v. Mosher*, Athens App. No. 02CA49, 2003-Ohio-4439, 2003 WL 21995225 (court's statement that it based its decision to impose consecutive sentences on its earlier factual findings sufficient to satisfy requirement that court state its reasons for sentence). Because the trial court did not state its reasons for imposing maximum or consecutive sentences, we must sustain Scheer's assigned error.

{¶ 26} While we recognize that it might seem that we are elevating form over substance, as the court's reasons for imposing the sentences might be gleaned from the transcript as a whole, the Supreme Court of Ohio has indicated that it will require strict compliance with the sentencing statutes. See *Comer*, supra, and *State v. Edmonson* (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131. Since the trial court did not specify which of its findings it relied upon in imposing

maximum and consecutive sentences, we must reverse and remand this matter to the trial court for further action consistent with this opinion.

Judgment reversed
and cause remanded.

KLINE, P.J., and PETER B. ABELE, J., concur.