JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Bringing forth two assignments of error, defendant-appellant Maurice Walker appeals the sentences imposed following the entry of guilty pleas to aggravated robbery, kidnapping, and failure to comply with the order or signal of a police officer.
In his first assignment of error, Walker contends that the trial court erred in imposing a sentence for failure to comply with the order or signal of a police officer, a fourth-degree felony, and in making that one-year sentence consecutive to the sentences for aggravated robbery and kidnapping. Before imposing a sentence for a fourth-degree felony, the trial court must determine whether any of the R.C. 2929.13(B)(1)(a) through (i) factors apply. If so, the court must then find, after considering the factors set forth in R.C. 2929.12, that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and that the offender is not amenable to community control.[1] The record demonstrates that the court made the appropriate R.C. 2929.13(B)(1)(a) through (i) findings, but failed to find that a prison term would be consistent with the purposes of sentencing and that Walker was not amenable to community control. Under these circumstances, we are constrained to vacate the imposition of the one-year sentence for failure to comply and remand this case to the trial court for resentencing. We note that this is the third time that Walker will be sentenced for this crime. While it may appear that we are elevating form over substance when it can be gleaned from the record that the trial court would have likely made the appropriate findings based on its comments when imposing the other sentences, the Ohio Supreme Court "has indicated that it will require strict compliance with the provisions of the sentencing statutes."[2]
Because the trial court did not properly impose a sentence for failure to comply, we do not address Walker's argument that the court erred in making that sentence consecutive to the sentences for aggravated robbery and kidnapping. The first assignment of error is sustained.
In his second assignment of error, Walker, relying onWashington v. Blakely,[3] maintains that the trial court's imposition of maximum sentences violated his Sixth Amendment right to a trial by jury. The Blakely court held that, under the Sixth Amendment, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[4] Under Blakely, the maximum sentence that a court may impose must be based solely on the facts reflected in the jury verdict or admitted by the defendant.[5]
Under Ohio's sentencing scheme, a trial court must find that a defendant, other than a repeat violent offender or major drug offender, either committed the worst form of the offense or poses the greatest likelihood of committing future crime before imposing a maximum sentence.[6] Walker argues that his maximum sentences for aggravated robbery and kidnapping were unconstitutional because the finding that he had committed the worst form of the offense was not admitted by him or reflected in the jury's verdict. We disagree. This court has twice held that any sentence imposed within the statutory range is not unconstitutional under Blakely because a sentence within the range authorized by law is presumed to be based solely on the jury's verdict.[7]
Here, the trial court imposed a ten-year prison term for both the aggravated robbery and the kidnapping offenses. Both of these crimes were felonies of the first degree. R.C. 2929.14(A)(1) provides that a prison term for a felony of the first degree shall be three, four, five, six, seven, eight, nine, or ten years. Since Walker's prison term was within the standard statutory range, his sentence was not unconstitutional underBlakely. The second assignment of error is overruled.
For the foregoing reasons, only the sentence imposed by the trial court for the failure-to-comply offense is vacated, and this cause is remanded to the trial court for resentencing on that offense consistent with this Judgment Entry and the law. In all other respects, the sentences are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See R.C. 2929.13(B)(2).
[2] See State v. Scheer, 4th Dist. No. 03CA21,2004-Ohio-4792, at ¶ 26.
[3] (2004), ___ U.S. ___, 124 S.Ct. 2531.
[4] Id. at 2536.
[5] Id. at 2537.
[6] See R.C. 2929.14(C).
[7] State v. Bell, 1st Dist. No. C-030726, 2004-Ohio-3621, at ¶ 42; State v. Eckstein, 1st Dist. No. C-030139,2004-Ohio-5059.