DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Jerry Johnson, appeals from the decision of the Washington County Common Pleas Court sentencing him to non-minimum, consecutive sentences totaling 34 months, in connection with his guilty pleas to two fourth degree felony offenses. Appellant asserts that the non-minimum, consecutive sentences are unconstitutional under Blakely v. Washington
(2004), 124 S.Ct. 2531, 159 L.Ed. 403, and the trial court erred in imposing consecutive sentences that were not supported by the record. Appellant also asserts that the trial court erred in imposing a fine in its sentencing entry after it found that Appellant was indigent during the sentencing hearing. We find Appellant's first and second assignments of error to be without merit and therefore affirm the trial court's imposition of non-minimum, consecutive prison sentences. However, we find Appellant's third assignment of error has merit and, therefore, remand the issue for correction pursuant to Crim. R. 36.
 {¶ 2} A review of the record indicates that Appellant pled guilty to a two count bill of information on April 9, 2004. The first count charged Appellant with Trafficking in Drugs, contrary to R.C. 2925.03(A)(1) (C)(4)(c) and the second count charged Appellant with Drug Possession, contrary to R.C. 2925.11(A)(1) 
(C)(4)(b), both fourth degree felonies. These charges stemmed from conduct that occurred during the summer of 2000.
 {¶ 3} During the plea hearing, Appellant stipulated to a statement of facts prepared by the state, which read as follows:
 {¶ 4} "[D]uring the summer of 2000, the Sheriff's office sought and obtained a telephone intercept wire or a search warrant for the telephone of Norman Dunn in New Matamoras, Ohio.
 {¶ 5} During the course of the summer of 2000, a number of phone calls were recorded, and between the two defendants in this case, Mr. Harris and Mr. Johnson, and Mr. Dunn. And during those conversations, it appeared that they were discussing cocaine transactions.
 {¶ 6} On July 28th of 2000, the Sheriff's Office followed Mr. Dunn from his residence in New Matamoras to very close to the residence in Muskingum County, where Mr. Harris and Mr. Johnson were both residing in that time. They didn't actually follow him all the way to the residence. They waited and picked him up on the way back toward Washington County.
 {¶ 7} They executed a traffic stop, and at that time, they found an amount of cocaine on Mr. Dunn's person, which, for the purpose of this plea, we're willing to stipulate was more than five grams, but less than 10 grams. That is — phone calls immediately preceding that date, to both Mr. Harris and Mr. Johnson, indicated that a cocaine transaction was planned, and that this trip on the 28th was the culmination or the completion of that transaction.
 {¶ 8} Other evidence will show that during the spring and through the summer of 2000, Mr. Harris and Mr. Johnson were in possession of cocaine at other times, and also, that they may have used it at that location in Muskingum County."
 {¶ 9} In response to Appellant's guilty pleas to both charges contained in the bill of information, the state agreed to dismiss related Case No. 131.03, the substance of which is unknown to this court.[1] On May 12, 2004, the trial court sentenced Appellant to seventeen months imprisonment on each fourth-degree felony count[2] and ordered that Appellant serve these sentences consecutively, for a total sentence of thirty-four months imprisonment. Although the trial court made findings of indigency during the sentencing hearing, it ordered that Appellant pay fines totaling $5000.00 in the sentencing entry. Appellant now appeals the imposition of both his sentences and fines, assigning the following errors for our review:
 {¶ 10} "I. The trial court erred by imposing a consecutive sentence as the findings to support consecutive sentencing are not supported by the record.
 {¶ 11} II. The trial court erred by sentencing appellant johnson to prison based on facts not found by the jury or admitted by johnson.
 {¶ 12} III. The trial court's imposition of a fine in its sentencing entry was error as the trial court found during the sentencing hearing that no fine would be imposed due to appellant's indigence."
 {¶ 13} R.C. 2953.08(A)(4) provides that a defendant convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The appellate court may modify the sentence upon clearly and convincingly finding that the record does not support the sentence, the sentence erroneously includes a prison term, or the sentence is contrary to law. R.C.2953.08(G)(1)(a)-(d). In applying this standard of review, we do not substitute our judgment for that of the trial court. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. State v. Persons (Apr.26, 1999), Washington App. No. 98CA17, 1999 WL 253527; citing Griffin Katz, Ohio Felony Sentencing Law (1999) 542-547, Section 9.16-9.20.
 {¶ 14} Appellant argues in his second assignment of error, which we address out of order, that the sentences imposed upon him by the trial court are contrary to law under Blakely v.Washington, supra, and therefore, are appropriate for appeal under R.C. 2953.08(A)(4). Appellant argues that the sentences are contrary to law because the "consecutive prison terms exceeded the maximum allowed for a fourth degree felony even though no jury had the opportunity to determine the facts justifying consecutive terms." As such, Appellant erroneously assumes that the two non-minimum sentences of seventeen months each, when ordered to be served consecutively, combined to form one sentence of thirty-four months that exceeded the maximum allowable sentence for the commission of one fourth-degree felony, which is eighteen months. Appellant's reasoning in this regard is flawed. Because each sentence is treated separately, we disregard Appellant's arguments that deal with maximum sentencing and instead focus on the sentences that Appellant received, which can be described as non-minimum, consecutive sentences.
 {¶ 15} Appellant raises this assignment or error based upon the recent decision of the United States Supreme Court inBlakely v. Washington, supra, decided on June 24, 2004. Appellee's response to this assigned error asserts that Blakely
is inapplicable to the case sub judice because it was decided after Appellant's sentencing hearing of May 12, 2004. Although this issue, to date, has not been before this court, we adopt the reasoning of the second district, which has held "[t]he fact thatBlakely was not decided until after Defendant's sentencing hearing took place is not significant because the issues reviewed in Blakely were previously reviewed many times by the United States Supreme Court and other federal and state courts.Blakely is only the most recent progeny in a line of cases that includes the seminal case of Apprendi v. New Jersey, * * * which was decided years before Defendant's resentencing hearing. The issue Defendant is now attempting to raise on appeal underBlakely is essentially the same constitutional argument raised in Apprendi." State v. Watkins, Champaign App. No. 04CA12, 2005-Ohio-1378, see, also, Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. As a result of the foregoing, we find that it is unnecessary to decide whetherBlakely applies retroactively, in light of the fact that the issue Appellant raises was initially addressed by the United States Supreme Court in Apprendi, which was decided prior to Appellant's sentencing.
 {¶ 16} We next address the application of Blakely andApprendi to non-minimum, maximum (although not applicable in the present case) and consecutive sentences under Ohio's indeterminate felony sentencing scheme. Appellant urges this court to revisit our conclusion that Blakely does not apply to Ohio's sentencing scheme. After yet another thorough review of this issue, we decline Appellant's invitation based upon the following reasoning.
 {¶ 17} The sentencing scheme at issue in Blakely was a determinate system that required particular sentences in response to particular sets of facts. Blakely, 124 S.Ct. at 2540.Blakely is expressly inapplicable to indeterminate sentencing schemes. Id.; State v. Jenkins, Summit App. No. 22008,2005-Ohio-11, at ¶ 14. As the Blakely court noted, "theSixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. * * * Of course indeterminate schemes involve judicial fact finding, * * * [b]ut the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." Blakely, 124 S.Ct. at 2540, see, also, State v. Wilson, Washington App. No. 04CA18, 2005-Ohio-830.
 {¶ 18} The United States Supreme Court recently reinforced the distinction between determinate and indeterminate sentencing when it applied Blakely to the federal sentencing guidelines inUnited States v. Booker (Jan. 12, 2005), Nos. 04-104, 04-105,125 S.Ct. 738, 160 L.Ed.2d 621. While invalidating the determinate federal sentencing guidelines, the Booker court noted that the guidelines would not implicate Sixth Amendment concerns if they were indeterminate. The court stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Ohio's sentencing statutes, including R.C. 2929.14(B) "are intended only to structure judicial discretion within an indeterminate sentencing scheme * * *." See, Wilson, supra, citing State v. Berry, Butler App. No. CA2003-02-053,2004-Ohio-6027, at ¶ 40, quoting from Griffin and Katz, Ohio Felony Sentencing Law, 482, Section 2.22.
 {¶ 19} Appellant further argues, based upon the holding inBlakely, that only a jury may consider "any particular fact which the law makes essential to the punishment." We find, however, that the sentencing factors found by the judges as part of Ohio's sentencing scheme differ from the facts at issue in both Apprendi and Blakely and, in fact, do not lend themselves to jury determination. In State v. Sideris, we noted that Ohio courts have recognized the concept that "[s]entencing determinations related to the unique facts of a crime or the impact of a sentence upon the protection of the public are decisions which have never been consigned to juries." Athens App. No. 04CA37, 2005-Ohio-1055, citing State v. Jenkins, Summit App. No. 220088, 2005-Ohio-11, at ¶ 16 (citing State v. Berry,
Butler App. No. CA2003-02-053, 2004-Ohio-6027, at ¶ 40, and Griffin Katz, Ohio Felony Sentencing Law, 482, Section 2.22). The additional R.C. 2929.14(B), (C) and (E) findings necessary to impose more than a minimum, maximum and consecutive sentence on a first time offender are not the type of findings traditionally reserved to a jury. Sideris at ¶ 16, citing State v. Wheeler,
Washington App. No. 04CA1, 2004-Ohio-6598 and State v. Scheer,
Highland App. No. 03CA21, 2004-Ohio-4792. Thus, they are not governed by the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 20} Further, relying on an Eight District case, we have previously reasoned that "Blakely does not address the issue of whether multiple sentences for separate crimes should be served concurrently or consecutively." Wheeler, supra, citing Statev. Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895 at ¶ 16. Accordingly, because we find the reasoning of the Blakely,Apprendi, and Booker line of cases is inapplicable to Ohio's sentencing scheme, we overrule Appellant's second assignment of error.
 {¶ 21} We next address Appellant's first assignment of error, in which Appellant argues the trial court erred by imposing a consecutive sentence where the findings to support consecutive sentences are not supported by the record. Although Appellant limits this assignment of error to the imposition of consecutive sentences, he also argues that the imposition of maximum sentences was improper. As previously noted, the maximum sentence for a fourth degree felony is eighteen months, not seventeen months, as received by Appellant. As such, any and all arguments by Appellant that relate to the imposition of maximum sentences will be disregarded. Because we find that the trial court found, on the record, at the sentencing hearing, that 1) Appellant had previously served a prison term and 2) the shortest prison term possible would demean the seriousness of the offense and not adequately protect the public, Appellant was appropriately sentenced to non-minimum sentences under R.C. 2929.14(B). A trial court is not required to provide its reasons for its findings when imposing non-minimum sentences under R.C. 2929.14(B).
 {¶ 22} Appellant next argues that the trial court did not comply with the pertinent statutory criteria in imposing consecutive sentences. Appellant advances the trial court's journal entry did not explain why the trial court was imposing consecutive sentences. He also contends that the trial court's findings related to the seriousness of Appellant's conduct were insufficient. In support of this contention, he advances that if the trial court was going to base its findings upon the seriousness of the offense, it was required to find that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct," as required by R.C. 2929.14(E)(4)(b). Appellant asserts that the trial court was obligated to explain why Appellant's conduct caused harm so great or unusual that consecutive sentences were warranted. We disagree with Appellant's contention that the court did not make the required findings under R.C. 2929.14(E)(4)(b). We also disagree with Appellant's assertion that a trial court must not only make findings and state its reasons for the findings during the sentencing hearing, but that it must also "explain" its reasons.
 {¶ 23} Appellant correctly cites the statutory requirements for imposing consecutive sentences, which are provided in R.C.2929.14(E)(4)(a)(b) and (c) as follows:
 {¶ 24} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary toprotect the public from future crime or to punish the offender
and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger theoffender poses to the public, and if the court also finds any of the following:
 {¶ 25} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 26} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and theharm caused by two or more of the multiple offenses so committedwas so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 27} (c) The offender's history of criminal conduct
demonstrates that consecutive sentences are necessary to protectthe public from future crime by the offender." (Emphasis added).
 {¶ 28} The court must make its statutorily enumerated findings and state the reasons supporting those findings, not only in the journal entry, but at the sentencing hearing. Statev. Scheer, 158 Ohio App.3d 432, 439, 2004-Ohio-4792,816 N.E.2d 602, citing State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at paragraph one of the syllabus. We are aware of no support for Appellant's argument that the trial court must go a step further by explaining its reasons for its findings.
 {¶ 29} In Scheer, we found that the trial court did not clearly align its reasons with its findings, recognizing that although the court's reasons for imposing the sentences might be gleaned from the transcript as a whole, the Supreme Court of Ohio has indicated that strict compliance with the sentencing statutes will be required. Scheer, 158 Ohio App.3d at 440. Unlike the facts before this court in Scheer, we find that the trial court in the case sub judice sufficiently aligned its reasons with its findings and appropriately satisfied the criteria to impose consecutive sentences.
 {¶ 30} At the sentencing hearing, the trial court found, pursuant to R.C. 2929.14(E)(4) that "I do believe that consecutive sentences are necessary to protect the public from future crime and not to pun — and — and to punish the offender, and are not disproportionate to the seriousness of his conduct and what he poses." In satisfaction of R.C. 2929.14(E)(b) and (c), the trial court found that "I also believe that no single term imprisonment of the offenses was con — adequately reflects the seriousness of this conduct. Drugs do a great harm in our society, and they've done a great amount of harm in this community, and his criminal history." Later, in response to an objection, the trial court clarified its findings regarding great and unusual harm and prior criminal history, as follows:
"Ms. McKim: Well, I object to the consecutive finding, Judge. I don't believe you've made the necessary findings to impose that sentence.
The Court: Which — such as —
Ms. McKim: That the harm is unusual. * * *
The Court: I think it makes it unique, because I think Mr. Dunn (sic) was supplying large quantities on a large area of Washington County. And —
Mr. Rings: Judge, I —
The Court: — it was a long term relationship, business relationship, that these parties had. And drugs have had an awful toll on this community.
Mr. Rings: Did you make the finding that the harm caused was great or unusual, or did you find that the offender's criminal history requires it? * * *
The Court: I found both. I did both."[3]
 {¶ 31} Additionally, and contrary to Appellant's argument, the trial court also stated its reasons for its findings related to the imposition of consecutive sentences in its journal entry. Specifically, the journal entry states:
 {¶ 32} "The Court FINDS that consecutive Sentences (sic) are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. Further, the Court FINDS the harm caused was great or unusual, and the defendant's criminal history which has been set forth hereinabove, requires consecutive sentences. The Court FINDS that that defendant dealt in large quantities of cocaine, and was a regular supplier of drugs that were brought into Washington County."
 {¶ 33} In light of the foregoing, we find Appellant's first assignment of error to be without merit.
 {¶ 34} In his third assignment of error, Appellant argues that the trial court erred by imposing a fine in the sentencing entry when it found, during the sentencing hearing, that no fine would be imposed due to Appellant's indigence. Appellant argues that the trial court consciously decided to increase the penalty, doing so by amending the sentence without a hearing. Appellee, however, concedes this error, attributing the change to a clerical error, versus a conscious, substantive change by the trial court. We agree with Appellee's characterization of events and therefore believe that the appropriate remedy lies within Crim. R. 36.
 {¶ 35} The court apparently made a clerical error in journalizing the sentence it imposed in open court. Crim. R. 36 states "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission, may be corrected by the court at any time." Because Crim. R. 36 provides that the trial court may correct clerical mistakes at any time, we conclude that remanding this matter to the trial court to correct its original sentencing entry is appropriate. Therefore, we affirm the judgment of the trial court sentencing Appellant to two, seventeen month sentences, to be served consecutively, but remand this matter to the trial court to correct the original sentencing entry nunc pro tunc so that it conforms with the sentencing transcript regarding the imposition of fines.
JUDGMENT AFFIRMED AND CAUSE REMANDED WITH INSTRUCTIONS.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED AND CAUSE REMANDED WITH INSTRUCTIONS and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Although no information exists in our file related to the substance of the other case, during the sentencing hearing Appellant's counsel referenced that the case involved counts of organized criminal activity. Counsel seemed to argue that it was inappropriate for the state to dismiss those counts and then argue them as part of the sentencing related to the case sub judice. Although this argument was voiced during the sentencing hearing, Appellant does not raise this issue on appeal.
[2] The maximum sentence for a fourth-degree felony is eighteen months.
[3] At an earlier stage in the sentencing hearing, the trial court also stated, with regard to consecutive sentencing, "I believe that his criminal history requires consecutive sentences. There were large quantities, he was a regular supplier for drugs into Washington County. He was part of a pipeline."