DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of possession of a schedule II controlled substance in violation of R.C. 2925.11(A) and (C)(1)(a) and sentenced him to a term of imprisonment. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} Appellant sets forth four assignments of error:
 {¶ 3} "I. It constituted error to impose a prison term greater than the shortest prison term authorized by law.
 {¶ 4} "II. It constituted error to find that appellant was not amenable to community control.
 {¶ 5} "III. It constituted error to premise appellant's sentence upon facts relating to dismissed charges.
 {¶ 6} "IV. Relying upon facts relating to dismissed charges in order to overcome the presumption in favor of community control and impose a prison sentence violates appellant's right to a jury trial under the Sixth
and Fourteenth Amendments to the United States Constitution."
 {¶ 7} The undisputed facts relevant to the issues raised on appeal are as follows. Appellant was originally indicted under case no. CR-03-2924 on five counts of possession of drugs and one count of trafficking in drugs. Appellant entered pleas of not guilty. However, after negotiations between the state and defense counsel, the state filed an information charging appellant with one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fourth-degree felony. On March 24, 2004, appellant waived prosecution by indictment and entered a plea of guilty to the charge. The plea agreement called for the original five-count indictment to be dismissed at sentencing. During the plea colloquy, the trial court advised appellant he faced a possible sentence of 6 to 16 months and appellant indicated he understood.
 {¶ 8} Appellant admitted he had illegally possessed a quantity of Oxycontin when he was stopped by police while driving in Toledo on September 15, 2003. Appellant further admitted that after his arrest a search of his home produced cash proceeds from sales of Oxycontin. The trial court accepted appellant's plea, found him guilty and set the matter for sentencing. At the sentencing hearing held April 28, 2004, the trial court found that appellant had a previous conviction and was not amenable to community control. The trial court also found prison was consistent with the purposes of R.C. 2929.11 and sentenced appellant to 15 months imprisonment.
 {¶ 9} In his first assignment of error, appellant asserts that the trial court erred by imposing a sentence greater than the minimum authorized for the offense without making the findings required by R.C.2929.14(B).
 {¶ 10} The minimum term authorized by law for a fourth-degree felony is six months; appellant received a fifteen-month sentence, one month less than the maximum. R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record: "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." This court has stated that the imposition of more than the minimum sentence, or the imposition of the maximum authorized sentence, requires that the sentencing court make clear on the record that it has considered all of the factors required by statute. See State v. Weidinger (June 30, 1999), 6th Dist. No. H-98-035.
 {¶ 11} The state has conceded appellant's first assignment of error, acknowledging that the trial court did not make the required statutory findings. This court has reviewed the transcript of appellant's sentencing hearing and we agree. The trial court did not clearly state it had considered any of the factors as required by R.C. 2929.14(B) for imposition of a sentence greater than the minimum. Accordingly, appellant's first assignment of error is found well-taken and this matter is remanded to the trial court for resentencing in compliance with R.C.2929.14(B).
 {¶ 12} In his second assignment of error, appellant asserts that the trial court erred by finding he was not amenable to community control. In support, appellant argues such a finding was not supported by the record.
 {¶ 13} Pursuant to R.C. 2929.13(B)(1), in deciding whether to sentence a defendant to prison or community control, the trial court must determine if any of nine enumerated factors apply. If any of the factors are present, the trial court must impose a prison term as long as the court also finds that a prison term is consistent with the principles and purposes of sentencing. R.C. 2929.13(B)(2)(a). However, if none of the factors are present and the trial court finds that community control is consistent with the principles and purposes of sentencing, the trial court must impose a community control sanction. R.C. 2929.13(B)(2)(b). In making such a determination, the trial court should comply with the purposes and principles of sentencing under R.C. 2929.11 and consider the seriousness and recidivism factors set forth in R.C. 2929.12. When neither prison nor community control is mandated, the trial court should exercise discretion in determining which punishment to impose. See Statev. Scheer, 158 Ohio App.3d 432, 2004-Ohio-4792. The case before us, as handled by the trial court at sentencing, falls somewhere in between the two ends of the spectrum contemplated by R.C. 2929.13(B)(2). The trial court stated in this case that the court "* * * finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.12." Additionally, the trial court stated it had considered the principles and purposes of sentencing under R.C. 2929.11
and had balanced the seriousness and recidivism factors under R.C. 2929.12. At sentencing, the trial court commented on the extent of appellant's drug business and the quantity of various drugs found in his home.
 {¶ 14} Although none of the factors set forth in R.C. 2929.13(B)(1) apply in this case, the trial court was free to impose a prison term if it concluded, as it did, that the imposition of community control in this case would not be consistent with the general principles and purposes of sentencing. Upon review of the record, we are satisfied that the trial court did not abuse its discretion in imposing a term of imprisonment. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 15} In his third assignment of error, appellant asserts the trial court erred by basing his sentence on facts relating to charges that had been dismissed before he entered his guilty plea. The trial court stated at sentencing it had considered the record, oral statements, presentence investigation and statutory guidelines. The trial court referred to the amount of evidence seized, which it believed indicated an extensive drug trafficking operation, but did not mention the charges contained in the dismissed indictment. The trial court stated, "* * * this was quite an operation * * *" and referred to the amount of drugs and cash found in appellant's home after his arrest.
 {¶ 16} R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors along with any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are "* * * to protect the public from future crime by the offender and others and to punish the offender." The statute continues: "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim, the public, or both." The trial court made it clear it was concerned with the need for incapacitating appellant as well as deterring appellant and others from future crime. At sentencing, the trial court referred to the impact of appellant's acts on the community and stated that a lenient sentence would send "a very bad signal." The record in this case simply does not support appellant's argument that the trial court based his sentence on the dismissed charges. Accordingly, we conclude that the trial court did not abuse its discretion when it imposed sentence and appellant's third assignment of error is not well-taken.
 {¶ 17} In his fourth assignment of error, appellant asserts the trial court violated his right to trial by jury by relying upon facts relating to the dismissed charges in order to overcome the presumption in favor of community control. This argument is without merit. Appellant's argument is premised on his claim that the trial court improperly considered and relied upon the dismissed charges when it sentenced him — a claim that this court found to be without merit under appellant's third assignment of error. In support of his argument, appellant cites the decision of the United States Supreme Court in Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531. This court has held recently that the Blakely
protections of a defendant's right to trial by jury are not applicable under Ohio's sentencing scheme. See State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the decision of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for resentencing consistent with the requirements of R.C. 2929.14(B). Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against him on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.