DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Ryan Davis, defendant below and appellant herein, pled guilty to gross sexual imposition, a third degree felony.
 {¶ 2} Appellant assigns the following error for review and determination:
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. DAVIS TO A SENTENCE GREATER THAN THE `STATUTORY MAXIMUM,' AS DEFINED BY THE U.S. SUPREME COURT IN BLAKELY V. WASHINGTON
(2004), 124 S.Ct. 2531, 2537, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. (TR. 52; AUG. 27, 2004 JOURNAL ENTRY)."
 {¶ 3} After appellant's guilty plea and presentence investigation, the trial court determined that (1) the shortest available prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crimes, and (2) the longest prison term is appropriate in order to prevent appellant from committing future crimes. Thereupon, the court sentenced appellant to serve five years in prison. This appeal followed.
 {¶ 4} The appellant contends, in his sole assignment of error, that the trial court's sentencing determination relied on factual findings that neither a jury had determined nor had the appellant admitted. See R.C. 2929.13(D)(1) and 2929.14(B). In particular, appellant contends that:
"The trial court in this case sentenced Mr. Davis to five years in prison for gross sexual imposition. If a court imposes a prison term, it must impose the minimum sentence unless it finds that a defendant has previously served a prison term or that `the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.' R.C. 2929.14(B). Moreover, trial courts may impose the longest prison term `only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of [Section 2929.14 of the Revised Code], and upon certain repeat violent offenders in accordance with division (D)(2) of [Section2929.14 of the Revised Code].' R.C. 2929.14(C).
Blakely prevents the imposition of anything but the minimum prison term upon Mr. Davis because the jury did not find the factual conditions precedent to allow the imposition of a non-minimum prison sentence. The jury made none of the findings found in R.C. 2929.14(B). While trial courts have made these determinations in the past, Blakely now requires a jury to do so. Since the Ohio Revised Code provides no mechanism for juries to consider the above sentencing factors, the shortest prison term allowed under R.C. 2929.14 is effectively the `statutory maximum' under Blakely. Thus, Mr. Davis's five-year prison sentence is unconstitutional."
 {¶ 5} Consequently, the appellant asserts that under Blakelyv. Washington (2004), 542 U.S. ___, 159 L.Ed.2d 403,124 S.Ct. 2531, appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues that Blakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury.
 {¶ 6} Once again we take this opportunity to recognize thatBlakely has caused a great degree of confusion and speculation in both the federal and the state courts and it appears that a division of authority now exists in the Ohio appellate districts. See e.g. State v. Glass, Cuyahoga App. No. 84035,2004-Ohio-4912 at ¶ 7; State v. Taylor, Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; State v. Quinones, Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30. See, also, State v. Bruce,
Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 7} In State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, we concluded that Blakely does not apply in Ohio in light of the particular mechanics of our sentencing scheme. In Scheer we wrote:
"Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 8} Thus, as long as a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and the Sixth Amendment. See, also, State v. Hardie Washington App. No. 04CA24, 2004-Ohio-7277. See, also, State v. Wilson
Washington App. No. 04CA18, 2005-Ohio-830; State v. Ward
Washington App. No. 04CA25, 2005-Ohio-1580. Thus, until the United States Supreme Court or the Ohio Supreme Court address this issue, we will adhere to our ruling in Scheer.[1]
 {¶ 9} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] It is our understanding that this issue is now before the Ohio Supreme Court.