DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Asia Smith, defendant below and appellant herein, pled guilty to unlawful sexual conduct with a minor in violation of R.C. 2907.04(A)(B)(3) and sexual battery in violation of R.C. 2907.03(A)(5).
 {¶ 2} Appellant assigns the following error for review and determination:
"THE TRIAL COURT ERRED BY SENTENCING MR. SMITH TO A NON-MINIMUM, MAXIMUM PRISON SENTENCE BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. SMITH. (ENTRY OF SENTENCE FILED AUGUST 5, 2005; T.P.66)."
 {¶ 3} After appellant's guilty plea and presentence investigation, the trial court sentenced appellant to serve five years in prison for each offense. The court further ordered that appellant's sentences be served concurrently with each other. This appeal followed.
 {¶ 4} Appellant contends, in his sole assignment of error, that the trial court's sentencing determination that "the shortest prison term possible would demean the seriousness of these offenses and not adequately protect the public" and that appellant "committed the worst form of the offenses" relied on factual findings that neither a jury had determined nor had the appellant admitted. See R.C. 2929.13(D)(1) and 2929.14(B).
 {¶ 5} Appellant asserts that under Blakely v. Washington
(2004), 542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, appellant's sentence is unlawful and the trial court must, instead, impose the minimum available sentence. Appellant notes that Blakely held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated the defendant's Sixth Amendment right to jury trial. Appellant argues that Blakely applies here and that his sentence must be reversed because the trial court imposed a greater than minimum sentence based on facts that were neither admitted by him nor determined by a jury.
 {¶ 6} Once again we take this opportunity to recognize thatBlakely has caused a great degree of confusion and speculation in both the federal and the state courts and it appears that a division of authority now exists in the Ohio appellate districts. See e.g. State v. Glass, Cuyahoga App. No. 84035,2004-Ohio-4912 at ¶ 7; State v. Taylor, Cuyahoga App. No. 83551, 2004-Ohio-4468 at ¶ 36; State v. Quinones, Cuyahoga App. No. 83720, 2004-Ohio-4485 at ¶ 30. See, also, State v. Bruce,
Hamilton App. No. C-040421, 2005-Ohio-373.
 {¶ 7} However, in State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, we concluded that Blakely does not apply in Ohio in light of the particular mechanics of our sentencing scheme.[1] In Scheer we wrote:
"Blakely holds that a trial court cannot enhance a sentence beyond the statutory maximum based on factors other than those found by the jury or admitted to by the defendant. Here, Scheer was sentenced to twelve months imprisonment, a term within the standard sentencing range for his crimes. In fact, the Ohio sentencing scheme does not mirror Washington's provisions for enhancements. Therefore, Blakely is inapplicable." Id. at ¶ 15.
 {¶ 8} Thus, if a criminal defendant is sentenced to a prison term within the stated minimum and maximum terms permitted by law, criminal sentencing does not run afoul of Blakely and the Sixth Amendment. See, also, State v. Hardie Washington App. No. 04CA24, 2004-Ohio-7277. See, also, State v. Wilson Washington App. No. 04CA18, 2005-Ohio-830; State v. Ward Washington App. No. 04CA25, 2005-Ohio-1580. Until the United States Supreme Court or the Ohio Supreme Court address this issue, we will adhere to our ruling in Scheer.[2]
 {¶ 9} Accordingly, based upon the foregoing reasons we hereby overrule the appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant acknowledges that we have rejected similar arguments and that appellant's purpose in the case sub judice is to ask for a reexamination of Scheer and to preserve this issue for further review. We appreciate appellant's candor and further recognize that this action must be taken to preserve the issue pending resolution of this matter by the Ohio Supreme Court and, possibly, the United States Supreme Court.
[2] It is our understanding that this issue is now before the Ohio Supreme Court.