DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas E. Overby appeals his Lawrence County Common Pleas Court convictions and sentence for felonious assault and falsification. Overby asserts that he received ineffective assistance of counsel. Because we find that Overby failed to (1) overcome the strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance; or (2) show prejudice, we disagree. Overby next asserts that insufficient evidence supports his conviction for felonious assault, and that this conviction is against the manifest weight of the evidence, because the state failed to prove the essential elements of "caused" and "serious physical harm." Because the record shows that Overby admitted causing the bruises to the victim's back and head, and a rational trier of fact could have found beyond a reasonable doubt that these injuries resulted in "some temporary, serious disfigurement" as required by R.C.2901.01(A)(5)(d), we disagree and find that sufficient evidence supports the conviction. Further, we cannot find that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered, and therefore the conviction is not against the manifest weight of the evidence.
 {¶ 2} Overby next argues that the record does not support a seven year prison sentence for the felonious assault charge. Because the trial court found, on the record at the sentencing hearing, the R.C. 2929.12(B) 
(D) reasons supporting its R.C. 2929.14(B)(2) findings to sentence Overby to more than a minimum prison term, we disagree. Finally, Overby argues that increasing his sentence above the applicable minimum sentence, based on factual determinations made by the judge, rather than by the jury, violates his Sixth Amendment right to a jury trial under Blakely v.Washington (2004), 542 U.S. 296. Because this court has previously held that Blakely does not apply to the Ohio sentencing scheme, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 3} On August 10, 2004, Overby lived with Dianna Miller, their two small children, and her two other children, i.e. a four-year-old boy (victim) and an eleven-year-old girl. Dianna left for a doctor's appointment and Overby, who was thirty-two years old, babysat the four children.
 {¶ 4} Overby, as part of a tape recorded statement, said that while he babysat, "[t]he kids were in the other room playing * * * and [the four-year-old] had [a little plastic military machine gun] and he was taking and had [my little boy] to where he was kneeled down on the ground and hitting him in the face and the mouth with the gun and would not stop. I walked in to separate the boys. I kicked [the four-year-old] over to the side to get him away, get him off. He fell into a book shelf and hit his head on the book shelf. After I seen that [my little boy] was okay and that he was not, you know, hurt, then I went to see if [the four-year-old] was okay. I went and picked [him] up and he just acted like he was a little confused, you know, dazed. After he come, come to, I had him hold ice on his head where he hit the book shelf. I spanked him with a belt and made him get into the corner for what he had done. He wouldn't listen to nothing that you said in the corner so I made him go to his bed and that's when (taped recording unintelligible)."
 {¶ 5} Two days later, the four-year-old had trouble breathing and Overby called 911. Dianna and Overby followed the ambulance to the hospital. After examining the child, someone from the hospital called the authorities. Overby, while pretending to be Richard Wayne Keigley, gave the above recorded statement to Detective Shane Hanshaw of the Lawrence County Sheriff's Office. It is not clear from the record why Overby chose the Keigley name.
 {¶ 6} The Lawrence County grand jury indicted Overby for two counts of felonious assault, one related to the assault of the four-year-old, and the other involving a separate incident with the eleven-year-old, in violation of R.C. 2903.11(A), felonies of the second degree; and one count of falsification in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree. Overby entered pleas of not guilty.
 {¶ 7} Overby's trial counsel did not file a pretrial motion to suppress Overby's statements, utilize any peremptory challenges during voir dire, or put on any evidence after the state rested its case at trial. The jury found Overby not guilty of the felonious assault of the eleven-year-old, but guilty of the felonious assault of the four-year-old and guilty of falsification.
 {¶ 8} At the sentencing hearing, Overby tried to place some of the blame on the victim and on Dianna. Before sentencing Overby, the trial court stated, "The overriding principals of the sentencing [decree] are to protect the public from future crimes by the offender and also to punish the offender. I must also consider [the] need for incapacitation, deterrence, rehabilitation and restitution.
 {¶ 9} The injury was exacerbated by the defendant's physical condition. A little four year old here, his age is four years old, the victim suffered serious physical injury in this case. The relationship between the offender and the victim facilitated the offense. And at the time it happened the offender was the custodian or person in charge of the child, and it involved a household member, and it was committed in the vicinity of one or more of the other children other than the victim.
 {¶ 10} I find none of the guidelines under [R.C.] 2929.12(C) that make the matter less serious.
 {¶ 11} Again, recidivism is more likely because of the family unit. The same situation is likely to rise again. Again, I don't believe the offender showed any genuine remorse. Again, being guilty of falsification to the people when the child was brought to the attention of the authorities giving a false name for him.
 {¶ 12} I find that any non-prison (sic) sanction would not adequate[ly] protect the public or punish the offender because the factors indicating recidivism are high and it would demean the seriousness of the offense in this case.
 {¶ 13} I can't say the offender committed the worst form of this offense, but it's close to it."
 {¶ 14} The trial court sentenced Overby to seven years in prison for the felonious assault and six months in the county jail for the falsification. The court ordered the sentences to run concurrently.
 {¶ 15} Overby appeals his convictions and sentence and assigns the following assignments of error: "I. The Defendant/Appellant, Thomas Overby, was prejudiced by the ineffective assistance of his trial counsel because of the following: (1) Trial Counsel failed to file pretrial motions to suppress statements of the Defendant/Appellant; (2) Trial Counsel failed to utilize peremptory strikes during Voir Dire; (3) Trial Counsel failed to call any witnesses at trial, including the Defendant/Appellant; and (4) Trial Counsel failed to submit any evidence supporting the Defendant/Appellant's defense. II. The Court of Common Pleas erred to the prejudice of the Defendant/Appellant, Thomas Overby, in finding him guilty of Felonious Assault, as the verdict was not supported by legally sufficient evidence, and was otherwise against the manifest weight of the evidence. III. The Court of Common Pleas erred when it sentenced the Defendant/Appellant to seven (7) years in the appropriate penal institution on Count One of the Indictment."
 II. {¶ 16} Overby asserts, in his first assignment of error, that he was prejudiced by the ineffective assistance of his trial counsel. He contends that his trial counsel failed to (1) file pretrial motions to suppress Overby's statements; (2) utilize peremptory challenges during voir dire; (3) call any witnesses at trial, including Overby; and (4) submit any other evidence to support Overby's defense.
 {¶ 17} Reversal of a conviction or sentence based upon ineffective assistance of counsel requires: (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Ballew (1996), 76 Ohio St.3d 244, 255, citingStrickland v. Washington (1984), 466 U.S. 668, 687. If a court can resolve a claim of ineffective assistance of counsel under only one prong of this two-pronged test, then a court does not have to analyze both prongs. See, e.g., State v. Madrigal (2000), 87 Ohio St.3d 378, 389.
 {¶ 18} As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983), 461 U.S. 499,508-509.
 {¶ 19} Overby first contends that his counsel was ineffective because he failed to file a motion to suppress. He maintains that he "informed his counsel prior to trial that Detective Hanshaw had used a Taser gun on him during the recording of his statements and utilized several different cassette tapes in the making of the * * * statements so that the statements consisted of what Detective Hanshaw wanted to hear."
 {¶ 20} Here, the record does not show this conversation between Overby and his counsel, and thus, we must presume regularity in the proceedings below. State v. Smith (1985), 17 Ohio St.3d 98, 101, fn.1 (If an ineffective assistance of counsel claim concerns facts that are outside the record, an appellate court cannot consider the claim on direct appeal because a court can only consider matters contained in the record.);State v. Collins (May 10, 1990), Cuyahoga App. No. 56747 (Information outside the record cannot be considered on appeal, but may be presented at a post-conviction relief proceeding.). See State v. Speed, Cuyahoga App. No. 85095, 2005-Ohio-4423; State v. Pimental, Cuyahoga App. No. 84034, 2005-Ohio-384. Overby has not presented any additional arguments on why his trial counsel's failure to file a motion to suppress his statements rendered his assistance constitutionally ineffective. Thus, we find that Overby did not overcome the strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance on this issue.
 {¶ 21} Overby next alleges that his trial counsel failed to pursue other causes of the victim's injuries, including injuries to the victim's chin, buttocks, knee, feet, shins and ankles, which injuries were not attributed to him. He claims that he could have testified to these other causes along with the victim's mother and a Deborah Maynard. He further claims that his "counsel was in possession of letters written by [the victim's mother] stating that [he] did not cause the injuries that led to [the victim's] hospitalization."
 {¶ 22} Here, Overby apparently presumes that we would find that his counsel should have filed a motion to suppress his statements. However, we do not so find. Since Overby admitted in his statements that he kicked the victim into a bookcase and later spanked him with a belt, the fact that Overby's counsel did not show that someone else might have caused some of the other injuries to the victim at another time is not prejudicial. As we discuss later in the second assignment of error, even if we assume that the back and head injuries that Overby admitted to causing did not cause the later intubation and hospitalization, the back and head injuries, by themselves, constitute serious physical harm. See ¶ 29- ¶ 31 of this opinion. Further, we cannot consider the contention that the victim's mother wrote letters exonerating Overby of causing the injuries that led to the victim's hospitalization because those letters are not part of the record. Smith, supra; Collins, supra. Therefore, we find on the issue of Overby's counsel failing to show who caused the victim's other injuries that Overby did not (1) overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance; or (2) show prejudice.
 {¶ 23} Finally, Overby asserts that his trial counsel should have exercised preemptory challenges against two potential jurors. However, Overby does not argue that his counsel should have challenged the two potential jurors for cause. Instead, he contends that they "were likely unable to be fair and impartial" based on what they said; i.e., one juror said that child abuse upset her because she had a seventeen month old child die, while the other juror said that identifying bruises as possible child abuse is part of her job as a daycare employee.
 {¶ 24} Here, the two potential jurors stated that they would follow the court's instructions. It is reasonable to conclude that Overby's trial counsel considered it sound trial strategy to have jurors familiar with small children and bruises. This strategy worked in regards to the felonious assault charge involving the eleven-year-old, as these same two jurors, whom Overby now challenges, found him not guilty of that charge. Thus, we find that Overby did not overcome the strong presumption that his counsel's conduct, on this issue, fell within the wide range of reasonable professional assistance. Consequently, we find that Overby's trial counsel's performance was not deficient.
 {¶ 25} In summary, we find that Overby failed to (1) overcome the strong presumption that a trial counsel's conduct constitutes reasonable, professional assistance; or (2) show prejudice. Accordingly, we overrule Overby's first assignment of error.
 III. {¶ 26} In his second assignment of error, Overby argues that: (1) insufficient evidence supports the verdict, and (2) the verdict is against the manifest weight of the evidence. He contends that the evidence does not support the essential elements of "caused" and "serious physical harm." He maintains that while he caused the back, head, and thigh bruises, these injuries were not serious. Additionally, he asserts that the hospitalization and intubation occurred two days later, and the evidence does not show that he caused these events to occur.
 {¶ 27} When reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court's role is to examine the evidence admitted at trial to determine whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 28} The court's evaluation of the sufficiency of the evidence raises a question of law and does not permit the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. Circumstantial evidence, direct evidence, or both, may support a defendant's conviction. State v. Swain (Jan. 23, 2002), Ross App. No. 01CA2591, citing State v. Durr (1991), 58 Ohio St.3d 86. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." Jenks
at paragraph one of the syllabus.
 {¶ 29} The felonious assault statute in question is R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]" R.C. 2901.01(A)(5)(d) defines "serious physical harm to persons" to include: "Any physical harm that involves some * * * temporary, serious disfigurement[.]" In addition, "[c]ourts have held that, under certain circumstances, injuries that last for a prolonged period of time constitute serious physical harm. See, e.g.,State v. Barbee, Cuyahoga App. No. 82868, 2004-Ohio-3126, at ¶ 60 (concluding that a victim's extensive bruising that lasted for four days constituted serious physical harm)." State v. Newcomb, (Sept. 1, 2005), Franklin App. No. 04AP-1223, 2005-Ohio-4570.
 {¶ 30} In Barbee, an officer "testified that he personally observed [the victim's] bruise and that it was `approximately three to four inches in length and approximately, maybe two inches in width * * *.' Tr. 102. He identified State's Exhibit 1 as the photograph he took four days after the events on the night of the 17th. The photograph showed bruising still visible on [the victim's] neck. Under the statute and case law, we conclude the state proved [the victim] suffered serious physical harm." (Emphasis added.) Barbee at ¶ 60.
 {¶ 31} Here, we find that the bruises that Overby admits causing were serious. The kick to the victim's back was so hard that it left more than a bruise; it left the imprint of his steel-toed shoe. The kick caused the victim to hit a book shelf with such force that Overby admitted the victim was confused and/or dazed and that he had the victim hold ice over the bump on his head. Dr. Eduardo Pino testified that these two injuries were a "couple of days" old when he saw the victim at the hospital, which was two days after Overby caused the injuries. Dr. Pino stated that the eleven bruises on the victim's body, which included the back and head bruises, would last anywhere from seven to fourteen days starting from the day of causation. Thus, pursuant to R.C. 2901.01(A)(5)(d) andBarbee, supra, these injuries that Overby caused to the victim's back and head "involve[d] some temporary, serious disfigurement[.]" Consequently, when viewing this evidence in a light most favorable to the state, we find that a rational trier of fact could have found, beyond a reasonable doubt, that Overby knowingly caused serious physical harm to the victim.
 {¶ 32} Having determined that sufficient evidence supports Overby's felonious assault conviction, we now consider whether his conviction is against the manifest weight of the evidence. The test for determining whether a conviction is against the manifest weight of the evidence is much broader than that used to examine the sufficiency of the evidence.Martin, 20 Ohio App.3d at 175. In determining whether a conviction is against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 33} An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction. Id. In making this review, the appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge
(1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
 {¶ 34} Here, we already found that the state's evidence is sufficient to support Overby's conviction. As is Overby's right, he did not present any evidence at trial. The jury found the testimony of the state's witnesses and exhibits convincing. We have no reason to disturb the jury's determination. Therefore, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Consequently, we find that Overby's conviction is not against the manifest weight of the evidence.
 {¶ 35} Accordingly, we overrule Overby's second assignment of error.
 IV. {¶ 36} Overby argues, in his third assignment of error, that the trial court erred when it sentenced him to a non-minimum sentence of seven years in prison on the felonious assault charge. Overby does not contest that the trial court made the proper R.C. 2929.14(B)(2) findings for a non-minimum sentence and considered the other statutes in its analysis. Instead, he asserts that the court did not give its reasons for, and the record does not support, these R.C. 2929.14(B)(2) findings. We disagree.
 {¶ 37} A reviewing court will not modify or reverse the trial court's sentence unless we "clearly and convincingly" find that it is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 38} Felonious assault, a violation of R.C. 2903.11(A)(1), is a felony of the second degree. R.C. 2903.11(D). The available prison sentences for a felony of the second degree, range between two to eight years. R.C. 2929.14(A)(2). A trial court must impose the minimum sentence when the defendant has not previously served prison time, unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). A trial court is not required to state its reasons in support of the R.C.2929.14(B)(2) findings. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, syllabus. However, it must state on the record at the sentencing hearing that it engaged in the analysis and that it varied from the shortest prison term for at least one of the R.C. 2929.14(B) reasons. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus; Edmonson at 326. This analysis includes considering the overriding purposes of the Ohio felony sentencing laws, which are to protect the public from future crime and to punish the offender. R.C.2929.11. In addition, the court's analysis must include R.C. 2929.12, which enumerates the factors that make a crime more or less serious and the factors that make recidivism more or less likely. Id.
 {¶ 39} Here, the trial court, in its analysis on the record at the sentencing hearing, did not find any R.C. 2929.12 factors that made the crime less serious and that made recidivism less likely. Instead, it found factors that made the crime more serious and that made recidivism more likely. Specifically, the trial court found that: (1) the differences in the ages of the thirty-two-year-old Overby and the four-year-old victim exacerbated the physical injuries suffered by the victim; (2) the victim suffered serious physical harm; (3) Overby's relationship with the victim facilitated the offense; and (4) Overby and the victim lived in the same household, Overby committed the offense in front of other children, and that he was the custodian or person in charge of looking after one or more of the other children. The court, by considering these R.C. 2929.12(B) factors, found the crime more serious.
 {¶ 40} The court also found that: (1) Overby did no show genuine remorse for the crime; (2) the same situation was likely to arise again because of the family unit; and (3) Overby gave a false name when the authorities questioned him about the victim's injuries. The court, by considering these R.C. 2929.12(D) factors (the remorse factor is listed in the statute while the other two findings fall under the "any other factors that are relevant" part of the statute), found recidivism more likely.
 {¶ 41} Based on the R.C. 2929.12(B) (D) findings, the court made the R.C. 2929.14(B)(2) findings by stating, "I find that any non-[minimum][1] sanction would not adequate[ly] protect the public or punish the offender because the factors indicating recidivism are high and it would demean the seriousness of the offense in this case." The court went on to say, "I can't say the offender committed the worst form of this offense, but it's close to it."
 {¶ 42} Overby maintains that the trial court did not set forth any reasons to support the finding that a minimum sentence would demean the seriousness of the offense. We disagree. As we stated above, our review of the record shows that the court found four R.C. 2929.12(B) factors to support its finding. In addition, the court is not required to state its reasons for a R.C. 2929.14(B) finding. Edmonson at syllabus. Thus, the record supports this finding.
 {¶ 43} Overby further contends that the only reason stated by the trial court that he was likely to commit future crimes is that he "did not show any genuine remorse for the offense[.]" He states that this one finding is highly subjective, and notes that he expressed remorse for the crime when he said that he was "sorry."
 {¶ 44} Here, the court, as we stated above, found three R.C. 2929.12(D) factors to support its finding. While we agree that the "remorse" factor is the only one of the three that is listed, the statute allows the court to look at "other relevant factors[.]" In addition, the record supports the "remorse" factor. Overby, at the sentencing hearing, shifted some of the blame to the victim and his girlfriend, the victim's mother. Consequently, we cannot "clearly and convincingly" find that the record does not support the sentence or that the sentence is contrary to law.
 {¶ 45} At oral argument, Overby further asserted that increasing his sentence above the applicable minimum sentence, based on factual determinations made by the judge, rather than by the jury, violates his Sixth Amendment right to a jury trial under Blakely, supra. However, this court has previously held that Blakely does not apply to the Ohio sentencing scheme. State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055; State v. Wilson, Washington App. No. 04CA18, 2005-Ohio-830;State v. Wheeler, Washington App. No. 04CA-1, 2004-Ohio-6598; State v.Scheer, 158 Ohio App.3d 432, 2004-Ohio-4792.
 {¶ 46} Accordingly, we overrule Overby's third assignment of error.
 V. {¶ 47} In conclusion, we find that Overby's trial counsel was not ineffective. We find sufficient evidence to support his felonious assault conviction and find that the conviction is not against the manifest weight of the evidence. Finally, we find that Overby's sentence is proper. Having overruled all of Overby's assignments of error, we affirm the judgment of the trial court.
Judgment Affirmed.
[1] Instead of the word "non-minimum", the record shows the court used the word "non-prison". However, based on the context, it is clear the court meant to say "non-minimum". Overby must not disagree because his argument is that the record does not support the findings.